Dalvir **SINGH,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–75037.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Hardeep Singh, Tsz–Hai Huang, George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John P. Fonte, Esq., Robert B. Nicholson, Esq., DOJ—U.S. Department of Justice, Antitrust Division—Appellate Section, Washington, DC, for Respondent.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Dalvir Singh, a native and citizen of India, petitions for review of the Board of

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).
** This disposition is not appropriate for publication and may not be cited to or by the

Immigration Appeals' decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's denial of Singh's claims on the basis of an adverse credibility finding. Singh's testimony was inconsistent with his asylum application concerning several issues that went to the heart of his asylum claim, including whether he had problems with police between his two arrests, whether his father was arrested causing him to flee India, and details of his arrests and mistreatment by the police. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Additionally, Singh's testimony lacked specificity and detail in regard to significant aspects of his claim, including the goals of his party, his participation in his party and the circumstances of his arrests. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999) (the level of specificity in an applicant's testimony is an appropriate consideration in an adverse credibility determination). Finally, Sucha Singh's affidavit, submitted by Singh, was inconsistent with petitioner's testimony regarding the reasons for his arrests. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000) (stating that documents submitted by petitioner which contradict petitioner's testimony may form the basis for an adverse credibility finding).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its determination under the CAT, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**